# NOTICE OF REMOVAL COMPOSITE EXHIBIT 1

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

COMPLEX LITIGATION UNIT

CASE NO.:

ASCENT MEDICAL GROUP, LLC, a Delaware
limited liability company,

     *Plaintiff,*

vs.

UNITEDHEALTHCARE OF
FLORIDA, INC., a Florida corporation,

     *Defendant.*

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit, on **UNITEDHEALTHCARE OF FLORIDA, INC.** at the following address:

### BY SERVING ITS REGISTERED AGENT:

**CT Corporation System
1200 S. Pine Island Road
Plantation, Florida 33324**

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you chose to file a written response yourself, at the same time you file your written response to the Court, located at:

Broward County Courthouse
Clerk of the Court
201 S.E. 6th Street
Fort Lauderdale, Florida 33301

You must also mail or take a copy of your written responses to the "Plaintiff's Attorney" named

below.

WITNESS my hand and the seal of this Court on this    OCT 11 2018


**BRENDA D. FORMAN**

As Clerk of the Court

By: _____

**BRENDA D. FORMAN**

**Glenn J. Waldman, Esq.**
WALDMAN TRIGOBOFF HILDEBRANDT
& CALNAN, P.A.
*Counsel for Plaintiff*
100 N.E Third Avenue, Suite 780
Fort Lauderdale, Florida 33301
Telephone: (954) 467-8600
Facsimile:  (954) 467-6222
gwaldman@waldmanlawfirm.com

2

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Ascent Medical Group, LLC</u>
 Plaintiff
        vs.
<u>UnitedHealthCare of Florida, Inc.</u>
Defendant

---

**II.      TYPE OF CASE**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☐ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**III.** **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

4

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Glenn J Waldman       FL Bar No.: 374113
    Attorney or party                                                    (Bar number, if attorney)

    Glenn J Waldman       10/11/2018
    (Type or print name)                                           Date

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

COMPLEX LITIGATION UNIT

CASE NO.:

ASCENT MEDICAL GROUP, LLC, a Delaware
limited liability company,

     *Plaintiff,*

vs.

UNITEDHEALTHCARE OF
FLORIDA, INC., a Florida corporation,

     *Defendant.*

_____/

## **COMPLAINT**

     Plaintiff, Ascent Medical Group, LLC, a Delaware limited liability company, ("Ascent"),

sues UnitedHealthcare of Florida, Inc. ("UHC-FL") and alleges:

### **Nature of Action**

     1.    This action seeks damages and declaratory relief against UHC-FL for

underpaying Ascent, a health care provider, the full amounts due and owing for covered, pre-

authorized or approved anesthesia and related health services provided to UHC-FL's covered

members or subscribers (collectively "Members") beginning as early as January 1, 2014 as more

fully described herein.

     2.    Specifically, UHC-FL has breached contractual obligations to pay Ascent the

price set for the services provided to UHC-FL's Members with the express pre-authorization or

approval of UHC-FL and otherwise has failed to pay Ascent the reasonable value of the covered,

and authorized or approved services.

## The Parties, Jurisdiction and Venue

3.      Ascent is a Delaware limited liability company authorized to do business in the State of Florida. Ascent conducts business in Broward County, Florida. All payments for Ascent's services are received in Broward County, Florida.

4.      UHC-FL is a Florida corporation with its principal place of business in Maitland, Florida and is responsible for the operation and administration of various health plans in Florida.

5.      This Court has jurisdiction over this dispute because Plaintiff seeks damages exceeding $15,000.00 and seeks declaratory relief.

6.      Venue in Broward County is proper under *§47.011, Fla. Stat. (2017)* as the causes of action accrued in Broward County, Florida.

7.      This action specifically excludes claims relating to Defendant's Members who are, or were at the time of services, covered under an ERISA plan; a plan for federal employees ("FEHBP"); or, any Medicare/Medicaid government-sponsored program.

8.      This action also specifically excludes claims or causes of action for benefits or benefit coverage as an assignee, or for medical necessity denials, or "denied care."

## Ascent's Services

9.      Ascent provides anesthesia care across a wide spectrum of subspecialty areas. Ascent presently employs 9 physicians and 19 CRNA's.

10.     At all material times, Ascent consistently provided quality medical services to Defendant's Members. This action addresses claims submitted for payment for the period beginning January 1, 2014 for authorized or approved, covered services.

## UHC-FL's Services

11.     UHC-FL provides health insurance products and access to health care benefits to an array of customers and markets in exchange for payments of premiums by its customers.

2

12.     UHC-FL offers a variety of products, many of which restrict member access to only to a "network" of "participating providers" of healthcare services. Participating providers contractually agree to accept discounted prices for their services in return for access to UHC-FL's Members and the corresponding increased volume of business. These agreements are often referred to as "participating provider agreements," "par-provider agreements," or "volume-discount agreements."

13.     UHC-FL also markets and sells products to their customers that offer access to "out-of-network" or "nonparticipating" providers in exchange for additional premiums and increased cost-sharing responsibilities for the members accessing "out-of-network" treatment in the form of increased co-insurance, deductibles, or out of pocket maximums.

14.     UHC-FL structures its premiums and patient cost sharing amounts to encourage their members to use in-network or participating providers who agree to reduce the price for services rendered to its members.

15.     UHC-FL's local market position is strong, giving it a competitive medical and operating cost position, and a breadth of product offerings for many distinct market segments in health care, including anesthesia.

**Ascent's Relationship with UHC-FL**

16.     Ascent does not "participate" in UHC-FL's "network", does not receive bargained-for consideration from UHC-FL in exchange for discounted pricing, and has not otherwise agreed to provide a discount off of its usual and customary charges for services.

17.     Instead, Ascent is an "out-of-network" provider with UHC-FL. As a result, any patient seeking medical services from Ascent has paid UHC-FL an additional premium for such access.

3

18.     Like any provider of medical services, Ascent sets the price for its services. In the absence of a volume-discount agreement where Ascent agrees to reduce the price for its medical services in exchange for guaranteed access to a network of members, or a specific statutory limitation not applicable here, Ascent expects to be paid the established, known price for its medical services.

19.     Ascent routinely submits its prices to UHC-FL on industry-wide UB-04 and CMS-1500 claim forms pursuant to Florida law. The UB-04 and CMS-1500 claim forms accurately represent the services provided and the prices for those services, and are used by UHC-FL to process Ascent's claims for authorized, covered services.

20.     At all material times, UHC-FL has been aware that Ascent is an "out-of-network" provider and that Ascent has not agreed to charge, or accept as payment, a discounted price for its authorized, covered services.

### Ascent's Contracts with UHC-FL

21.     Upon admission and/or prior to rendering medical services, and as required by UHC-FL as a condition for payment for services rendered, Ascent contacts UHC-FL, or their designated agents, to obtain pre-authorization, pre-certification, or approval of the services.

22.     During the initial pre-authorization process, Ascent provides UHC-FL, or its designated care managers or agents, with specified information regarding the requested service.

23.     The levels of treatment or services provided by Ascent to UHC-FL's Members, are well-established in the industry and known to UHC-FL. Each treatment or service is likewise assigned a revenue or billing code corresponding with Ascent's known prices as reflected on its charge master and its claim forms for such treatment or services.

24.     If UHC-FL or its designated care manager or agent agrees with the recommended

4

treatment or services, UHC-FL will agree to pay for the covered, medically necessary services by issuing a pre-authorization number or approval.

25.     For those claims for which no pre-authorization is required, UHC-FL demonstrated its approval and acceptance of Ascent's services pursuant to their established course of dealing, whereby UHC-FL provided notification that pre-authorization is not a condition of payment for those services and Ascent provided notification to UHC-FL of treatment services to be rendered to UHC-FL's Members or submitted its claims to UHC-FL for which it acknowledged the services provided by Ascent to UHC-FL's Members and their responsibility for payment for those services.

26.     For each claim in this action, UHC-FL has authorized or approved the services, with full knowledge of the price set by Ascent for such services.

27.     Upon UHC-FL's acceptance of Ascent's offer to provide services to one of the UHC-FL's Members, and providing the services, Ascent submits its claim for payment using standard industry claim forms, and standard industry revenue and procedure codes for its services and its prices.

28.     UHC-FL pays Ascent's claims in bulk payments accompanied by a "Provider Explanation of Benefits" ("EOBs"). These summary EOBs however, lack payment calculation details or any meaningful explanation of payments, underpayments, or how the rates of payment are determined.

29.     Ascent's prices for its services are clearly set forth on its claim forms provided to UHC-FL upon information and belief are consistent with those of similarly-situated treatment providers in Broward County, Florida who provide anesthesia services and are fair and reasonable.

5

30.     In each instance, UHC-FL has failed to pay Ascent the full price for its services by paying an amount less than the known price charged for its services.

### UHC-FL's Underpayments of Ascent's Services

31.     For years, UHC-FL paid Ascent approximately $170-180 per unit of professional services rendered.

32.     However, beginning in 2014, UHC-FL engaged in a systematic pattern and practice of underpaying Ascent the known price for its services. The amounts paid by UHC-FL to Sirmoed are well below the known price for Ascent's services or the reasonable value of the services provided - - even reducing same to $80 per unit of professional services rendered.

33.     UHC-FL's underpayments to Ascent are made without consideration of Ascent's prices, the usual and customary charges of other similar providers for the same services in the same area, or any other market-determined criteria. Instead, UHC-FL intentionally underpays the full amount due and owing to Ascent by using incomplete, arbitrary, and inappropriate benchmarks, data, and other criteria.

34.     UHC-FL makes no effort to pay Ascent the commercially reasonable value for the services rendered. UHC-FL's systematic practice of under-reimbursing nonparticipating provider claims - - such as Ascent here - - is a profit-driven device intended only to unfairly financially benefit UHC-FL, at the expense of its Members and their Members' providers.

35.     Ascent has and continues to provide UHC-FL with correspondence before and after the rendition of the service stating the price for its services; that Ascent has not entered into a bargained-for reduction of the price for its services with UHC-FL; and, that Ascent expects to be paid the full price for its services.

36.     Despite full knowledge of the price for Ascent's services, UHC-FL continues to

6

authorize and approve Ascent to perform healthcare services in an attempt to obtain healthcare services. After approving the service with full knowledge of the price for that service, UHC-FL willfully and knowingly underpays the amounts known to be due and owing for the services rendered. UHC-FL intentionally underpays Ascent for its services with the intent of keeping the difference for their own benefit.

### General Allegations and Conditions Precedent

37.     Ascent has performed all other necessary conditions precedent to filing suit and/or such conditions have been waived.

38.     Ascent offers to do equity in the premises.

39.     Ascent has retained legal counsel and is obligated to pay the undersigned counsel a reasonable fee for services provided.

### COUNT I
### BREACH OF EXPRESS CONTRACT

40.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 39 above as though fully set forth herein.

41.     Based on the initial verification of coverage and eligibility and the clinical assessments conducted, Ascent makes an offer to UHC-FL to provide the specified treatment to its Members, and obtains acceptance of that offer in the form of pre-authorization and approval for the recommended treatment and services.

42.     The price offered for the services provided by Ascent is assigned according to an established rate for the specified level of care and is known to UHC-FL.

43.     UHC-FL, or its designated managed care reviewer(s), accept Ascent's offer by providing it a verbal and often written pre-authorization number as evidence of its verification, authorization, and acceptance of Ascent's offer to provide the specified treatment services.

44.     By expressly pre-authorizing or otherwise approving Ascent to provide the specified services with full knowledge of Ascent's usual and customary charges for that service, UHC-FL accepts Ascent's offer and agrees to pay Ascent based on its usual and customary charges.

45.     Ascent has accordingly provided the specified treatment services to UHC-FL's Members in accordance with the express contracts created by Ascent's offer and UHC-FL's acceptance, and is entitled to be paid an amount based on its usual and customary charges.

46.     UHC-FL breached these express contracts with Ascent by failing to pay the set price for its services, its usual and customary charges.

47.     As a result of UHC-FL's breaches, Ascent has been damaged in an estimated amount of Seven Million, Five Hundred Thousand and No/00 Dollars ($7,500,000.00) since 2014, which damages will continue to accrue as a result of the UHC-FL's continuing breaches through the date of trial and for which Ascent intends to seek as damages as permitted by applicable law.

**WHEREFORE,** Plaintiff, Ascent Physician Services, Inc. respectfully requests this Court enter judgment on Count I against Defendant, UnitedHealthcare of Florida, Inc. and award Ascent compensatory damages, together with pre- and post-judgment interest, and such other relief as the Court deems just and equitable.

### COUNT II
### BREACH OF IMPLIED-IN-FACT CONTRACT

48.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 39 above as though fully set forth herein.

49.     Ascent and UHC-FL have established a routine course of dealing for treatment by Ascent of UHC-FL's Members, which includes direct communications with UHC-FL for

verifying benefit eligibility and coverage, for obtaining the requisite pre-authorizations and approvals for the specified treatment, submitting claims pursuant to standardized claim forms, and engaging in cooperative follow-up collection efforts (*i.e.*, providing re-submission and/or medical records when requested).

50.     Prior to providing treatment services to UHC-FL's Members, Ascent communicates directly with UHC-FL, or its designated agents, to verify eligibility for and availability of coverage and to contract for the treatment services by obtaining the requisite pre-authorizations and approvals for the specified treatment through prospective and concurrent reviews.

51.     Based on the initial verification of coverage and eligibility, Ascent makes an offer to UHC-FL to provide the specified treatment to UHC-FL's Members and obtains acceptance of that offer in the form of UHC-FL's words and conduct in the pre-authorization and approval for the services.

52.     The price offered for the services provided by Ascent is assigned according to an established per diem rate for the specified level of care and is known to UHC-FL.

53.     By expressly pre-authorizing or otherwise approving Ascent to provide the specified services with full knowledge of Ascent's usual and customary charges for that service, UHC-FL, through its words and conduct, accepts Ascent's offer and agrees to pay Ascent the set price for its services, its usual and customary charges.

54.     Ascent has accordingly provided the specified services to UHC-FL's Members in accordance with the implied-in-fact contracts created by Ascent's offer and UHC-FL's acceptance, and is entitled to be paid based on its usual and customary charges, which charges are consistent with those of other similar providers in Florida, and are fair and reasonable.

55. UHC-FL breached these implied-in-fact contracts with Ascent by failing to reimburse Ascent based on its usual and customary charges.

56. As a result of UHC-FL's breaches, Ascent has been damaged in an estimated amount of Seven Million, Five Hundred Thousand and No/00 Dollars ($7,500,000.00), which damages will continue to accrue as a result of UHC-FL's continuing breaches through the date of trial and for which Ascent intends to seek as damages as permitted by applicable law.

**WHEREFORE** Plaintiff, Ascent Physician Services, Inc. respectfully requests this Court enter judgment on Count II against Defendant, UnitedHealthcare of Florida, Inc. and award Ascent compensatory damages, together with pre- and post-judgment interest, and such other relief as the Court deems just and equitable.

### COUNT III
### BREACH OF IMPLIED-IN-LAW CONTRACT

57. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 39 above as though fully set forth herein.

58. Ascent conferred a direct benefit on and for UHC-FL by providing valuable medical services to UHC-FL's Members with the express authorization or approval of UHC-FL or through the established course of dealing as the party responsible for payment of the medical services.

59. As the responsible party for providing access to health services and for payment, UHC-FL derives a direct benefit from Ascent's provision of such medical services for its Members because Ascent provides the medical services by which UHC-FL fulfills its obligations to its Members.

60. When Ascent provides medical services to UHC-FL's Members, UHC-FL

10

receives the benefit of having its obligations to its Members discharged. Namely, these obligations are the payment for its Members' medical services and facilitation of health care for the Members that pay premiums to UHC-FL.

61.     UHC-FL voluntarily accepted, retained, and enjoyed, and continues to accept, retain, and enjoy the benefits conferred by Ascent, at Ascent's expense, with the knowledge that Ascent expected to be paid the reasonable value of its services, *i.e.* its usual and customary charges, and is entitled to payment for its services as a result of the express pre-authorization or approval of the services, or through course of dealing and/or other responsibilities of UHC-FL for the provision of medical care to its Members.

62.     UHC-FL has failed to pay the reasonable value of the medical services provided in that UHC-FL underpaid Ascent's claims and reimbursed Ascent at far below its usual and customary charges and below the reasonable value of the medical services provided. This allows UHC-FL to retain funds it would otherwise pay for Ascent's services and results in an unjustified windfall for UHC-FL.

63.     By underpaying Ascent's claims for services, UHC-FL has been unjustly enriched.

64.     Under these circumstances, it is unjust for UHC-FL to reimburse Ascent based on less than its reasonable usual and customary charges and below the reasonable value of the services provided.

65.     Ascent seeks compensatory damages in amounts which will continue to accrue as a result of the continuing breaches through the date of trial and for which Ascent intends to seek as damages as permitted by applicable law.

11

**WHEREFORE** Plaintiff, Ascent Physician Services, Inc. respectfully requests this Court enter judgment on Count III against Defendant, UnitedHealthcare of Florida, Inc. and award Ascent compensatory damages, together with pre- and post-judgment interest, and such other relief as the Court deems just and equitable.

## COUNT IV
### DECLARATORY RELIEF

66.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 39 above as though fully set forth herein.

67.     Ascent has provided and continues to provide medical services to UHC-FL's Members at the express direction and with full authorization and knowledge of the terms and conditions upon which Ascent will provide specific and pre-authorized care to UHC-FL's Members, including the price.

68.     Despite knowledge of the price of Ascent's services, verification of coverage for Ascent's Services, and authorizing or otherwise approving Ascent to provide services to UHC-FL's Members, UHC-FL continues to underpay Ascent the known price for its services and below the usual and customary price for such services.

69.     Neither statutory or other applicable law imposes any restrictions or limitations regarding the prices that Ascent or an out-of-network provider may charge UHC-FL for providing non-emergent medical services to members or subscribers or the payments that may be made to Ascent for non-emergent medical services.

70.     Ascent believes, and therefore alleges, that based on the express and implied contracts formed between the parties and in the absence of any statutory restriction or limitation, Ascent is entitled to payment from UHC-FL at its usual and customary charges.

12

71.     UHC-FL contends that its underpayment of Ascent's services resulting in payments well below Ascent's usual and customary charges and well below the reasonable value of Ascent's services, including the usual and customary charges of similar providers or payments made by UHC-FL's competitors, is the appropriate payment for Ascent's services.

72.     A justiciable controversy therefore exists between the parties regarding the above-described contracts, and Ascent remains in doubt as to its legal rights and obligations regarding the treatment services it provided and continues to provide to UHC-FL's Members.

**WHEREFORE**, Ascent Physician Services, Inc. respectfully requests this Court enter judgment against UnitedHealthcare of Florida, Inc. and grant the following relief:

a.  A declaration that (i) UHC-FL's underpayments violate the parties' express or implied-in-fact contracts and/or does not reflect the reasonable value of Ascent's services; (ii) the proper rate of reimbursement under the parties' contract is Ascent's usual and customary charges; and/or (iii) Ascent's usual and customary charges for the medical services provided are the fair and reasonable value of its services;

b.  Entry of a temporary and then permanent order restraining UHC-FL from underpaying Ascent's claims; and

c.  Such other relief as the Court deems just and equitable, including an award of attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Ascent Physician Services, Inc. demands a trial by jury of all issues so triable.

Dated this 11th day of October, 2018.

> **WALDMAN TRIGOBOFF HILDEBRANDT**
> **& CALNAN, P.A.**
> *Counsel for Plaintiff*
> Plaza 100, Suite 780
> 100 N.E. Third Avenue
> Ft. Lauderdale, FL 33301
> Telephone: (954) 467-8600
> Facsimile: (954) 467-6222
>
>
> By: */s/ Glenn J. Waldman*
>   Glenn J. Waldman, Esq.,
>   FL Bar No. 374113
>   gwaldman@waldmanlawfirm.com

14

## Ascent Medical Group LLC Plaintiff vs. UnitedHealthCare of Florida Inc Defendant

**Broward County Case Number:** CACE18024078

**State Reporting Number:** 062018CA024078AXXXCE

**Court Type:** Civil

**Case Type:** Contract and Indebtedness

**Incident Date:** N/A

**Filing Date:** 10/11/2018

**Court Location:** Central Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 02 Bowman, John B.

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **UnitedHealthCare of Florida Inc** | | |
| Plaintiff | **Ascent Medical Group LLC** | | ★ Waldman, Glenn J Retained Bar ID: 374113 WALDMAN TRIGOBOFF HILDEBRANDT & CALNAN, PA Plaza 100 Ste780 100 N.E 3rd Ave Fort Lauderdale, FL 33301 |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|---|---|
| | |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|
| | | | |

**— Event(s) & Document(s)**                                                    Total: 5

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 10/11/2018 | **Civil Cover Sheet** | | 📄 | 2 |
| 10/11/2018 | **Complaint (eFiled)** | | 📄 | 14 |
| 10/11/2018 | **eSummons Issuance** | UNITEDHEALTHCARE OF FLORIDA INC | 📄 | 2 |
| 10/11/2018 | **Filing Fee** | Payor: WALDMAN TRIGOBOFF HILDEBRANDT ; Userid: CTS-fg/t ; Receipt: 20181FA1A137927; ; <br><br> Amount: $401.00 | | |
| 10/11/2018 | **Summons Issued Fee** | Payor: WALDMAN TRIGOBOFF HILDEBRANDT ; Userid: CTS-fg/t ; Receipt: 20181FA1A137927; ; <br><br> Amount: $10.00 | | |

**— Hearing(s)**                                                                Total: 0

**There is no Disposition information available for this case.**

**— Related Case(s)**                                                           Total: 0

**There is no related case information available for this case.**